MEMORANDUM **
The facts and procedural history are known to the parties and we do not repeat them here. Shaun Mortenson pled guilty to receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). He appeals the lifetime supervised release component of his sentence.
After the district court sentenced Mor-tenson, we ruled that convicting a defendant both of receipt and possession of child pornography violates the Double Jeopardy Clause because possession is a lesser included offense of receipt. United States v. Davenport, 519 F.3d 940, 947-48 (9th Cir. 2008). The government concedes that, under Davenport, Mortenson’s convictions cannot stand in their present form.
We therefore vacate the judgment and remand with instructions that the district court vacate Mortenson’s conviction on one of the two counts, allowing for it to be reinstated without prejudice if his other conviction should be overturned on direct or collateral review. See id at 948. Because our remand could result in a different sentence for Mortenson, we do not address his argument that lifetime supervised release was substantively unreason *681 able. Any further appeals in this case shall be assigned to this panel.
VACATED and REMANDED with instructions.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.